UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JAMELL M. KING, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>LADONNA THOMPSON, )<br>Commissioner, Kentucky )<br>Department of Corrections, )<br>)<br>    Respondent. ) | Civil Case No.<br>5:13-cv-229-JMH<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*

This matter is before the Court on the Recommended Disposition entered by Magistrate Judge Candace J. Smith. [D.E. 23]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner King's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [D.E. 1]. Following an initial review of the petition, the Court ordered Petitioner to show cause why the matter should not be dismissed as untimely [D.E. 3], to which Petitioner responded. [D.E. 8]. Petitioner filed what was construed as an amendment to his petition [D.E. 4], but later elected to proceed on the original petition. [D.E. 8]. In her Recommended Disposition, the Magistrate Judge concludes that Petitioner's filing of the Writ was untimely, and, thus, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 should be denied and this matter dismissed.

The Magistrate Judge filed her Report and Recommendation [D.E. 23] on February 6, 2014, advising Petitioner that particularized objections to same were due within fourteen days or further appeal would be waived. That time has now expired, and Petitioner has filed no objections.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when the petitioner fails to file any objections to the Recommended Disposition, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Recommended Disposition as its own.

Further, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 342 (2003).  In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED:**

(1) that, in accordance with the Recommended Disposition of Magistrate Judge Candace J. Smith [D.E. 23 at 1 n.1], the Clerk **SHALL** substitute LaDonna Thompson, Commissioner, Kentucky Department of Corrections, as the Respondent in this matter;

(2) that the Recommended Disposition of Magistrate Judge Candace J. Smith [D.E. 23] be, and the same hereby is, **ACCEPTED** and **ADOPTED**;

(3) that King's construed amendment to the petition [D.E. 4] be, and the same hereby is, **DENIED WITHOUT PREJUDICE AS WITHDRAWN**;

(4) that the Petition for a Writ of Habeas Corpus [D.E. 1] be, and the same hereby is, **DISMISSED WITH PREJUDICE;** and

(5) that no certificate of appealability will issue.

This the 17th day of March, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge